USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/6/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YKIM ANDERSON,

                            Petitioner,

    -against-

JOHN LEMPKE, *Superintendent,*
*Wende Correctional Facility,*

                            Respondent.[1]

11-cv-8240 (NSR) (PED)

ORDER ADOPTING REPORT
AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

Ykim Anderson ("Petitioner" or "Defendant"), currently an inmate at Wende Correctional Facility in Alden, New York, and proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Now pending before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Paul E. Davison, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied. Petitioner has filed no objections to the R & R. For the following reasons, the Court adopts the R & R in its entirety, and the petition is DENIED.

## BACKGROUND

Petitioner Ykim Anderson was convicted on December 15, 2007 by a Dutchess County jury of the crimes of enterprise corruption (N.Y. Penal Law § 460.20(1)(a)), two counts of third degree criminal sale of a firearm (N.Y. Penal Law § 265.11(1), (2)), second degree burglary

---

[1] As noted in the Report and Recommendation from Magistrate Judge Davison, on or about January 15, 2015, Petitioner noted that he had been transferred to Wende Correctional Facility. (*See* Dkt. No. 27.) The DOCCS inmate locator (nysdoccslookup.doccs.ny.gov) confirms Petition is still incarcerated there as of the date of this Order. Accordingly, John Lempke, Superintendent of Wende Correctional Facility, is substituted as Respondent in place of Patrick J. Griffen, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The Clerk of Court shall amend the caption to reflect this substitution.

(N.Y. Penal Law § 140.25(2)), two counts of third degree criminal possession of a controlled substance (N.Y. Penal Law § 220.16(1)), and two counts of third degree criminal sale of a controlled substance (N.Y. Penal Law § 220.39(1)). On March 20, 2008, he was sentenced to an indeterminate term of imprisonment of six to eighteen years on the enterprise corruption charge (count 38), and determinate terms of imprisonment of: four years plus three years of post-release supervision ("PRS") on the criminal sale of a firearm charges (counts 21 and 22); seven years plus five years of PRS on the burglary charge (count 23); four years plus two years of PRS on one count of criminal sale of a controlled substance (count 30) and one count of criminal possession of a controlled substance (count 31); and eight years plus two years of PRS on the other charges of criminal sale of a controlled substance (count 32) and criminal possession of a controlled substance (count 33). The sentences on counts 21, 23, and 30 are consecutive (resulting in a determinate sentence of fifteen years), and the remaining sentences are concurrent with the consecutive sentence and with each other.

The Court presumes familiarity with the factual and procedural background of this case, including the underlying criminal proceedings and direct appeals. Further details can be found in the "Background" section of the R & R, which this Court adopts.

Petitioner timely filed the instant Petition for a Writ of Habeas Corpus on or about October 20, 2011 in the U.S. District Court for the Northern District of New York, and the Petition was transferred to the Southern District of New York on November 16, 2011. He seeks habeas review on the grounds that: (1) the trial court's admission into evidence of video segments featuring Petitioner's co-defendant and a rap music video violated Petitioner's Sixth Amendment right to confront witnesses; (2) the trial court erred in denying Petitioner's motion to sever his trial from that of his co-defendant, Avery Green; and (3) Petitioner was deprived of due

process and a fair trial because the state courts refused to grant him a new trial based on a confidential informant's recantation of his prior testimony.

## STANDARDS OF REVIEW

### I. Federal Habeas Review of a State Court Decision

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). When a claim has been adjudicated on the merits and its disposition reduced to judgment in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

### II. Review of Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (b)(3). However, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'" *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, the R & R was issued on June 5, 2015, and the deadline for filing objections was June 33. Since Petitioner failed to file any objections, the Court has reviewed Magistrate Judge Davison's R & R for clear error and found none. The videos admitted at Petitioner's trial cannot be reasonably construed as facially incriminating Petitioner, and the statements contained in the videos could not reasonably be construed as being "testimonial" in nature; thus, Petitioner's claim that these videos were admitted in violation of his Sixth Amendment rights cannot provide a basis for habeas relief. Further, because it is clear that Petitioner's Sixth Amendment rights were not violated when the video was admitted and Petitioner has made no other argument in support of his claim regarding severance, Petitioner has not shown that "he was so severely prejudiced by the joinder as to have been denied a fair trial." *Grant v. Hoke*, 921 F.2d 28, 31 (2d

4

Cir. 1990) (quotation marks and citations omitted). Finally, under the deferential review standard accorded to state court findings in federal habeas review, it is clear from the record that the County Court's determination that the confidential informant's recantation was unreliable was a reasonable determination and thus is presumed to be correct, and Petitioner has failed to proffer clear and convincing evidence that rebuts this presumption of correctness.

## CONCLUSION

For these reasons, the Court adopts Magistrate Judge Davison's R & R in its entirety. The petition for a writ of habeas corpus is therefore denied. The Clerk of Court is directed to update the caption to reflect Petitioner's current location of incarceration (as noted in footnote 1, *infra*), enter judgment in accordance with this Order, and close this case.

Dated: July 6, 2015  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge